J. F. WILKINSON v. SOUTHERN RAILWAY COMPANY ET AL.

(Filed 12 December, 1917.)

**Negligence—Railroads—Customs—Flying Switch—Contributory Negligence —Trials—Questions for Jury.**

> Where a railroad company uses its spur track to manufacturing plants frequently during the day for switching purposes, and upon which for ten years it has permitted employees of its users there to go in between detached cars standing thereon, or to move the same, as required by their shipping; and there is evidence that, in conformity with this custom, and in the course of his duties, one of these employees, after assuring himself of his safety, is injured while moving one of these cars, by defendant's locomotive making a "flying switch" and shunting cars upon that on which he was so engaged, without signal or warning of any kind, and without a man on the car: *Held*, in the employee's action against the railroad, the question of plaintiff's contributory negligence is properly submitted to the jury, under a proper charge, approved in this case, upon the principle that the plaintiff had the right to assume that the defendant's employees on the locomotive would not violate the duty they owed him, or be guilty of negligent acts in this respect that would cause him injury. *Wyatt v. R. R.*, 156 N. C., 313; *Hudson v. R. R.*, 142 N. C., 198, cited and applied.

APPEAL by defendants from *Ferguson, J.*, at September Term, 1917, of McDOWELL.

This is an action to recover damages, for personal injury, by the plaintiff, an employee of the Marion Novelty Company.

The defendant relied on the plea of contributory negligence.

The plaintiff was injured on 6 April, 1917, on one of the switch tracks of the defendant, the Southern Railway, at Marion, N. C. The switch is located on the north side of the defendant's main line and west of the freight depot. It is connected with the main line or passing track at a point just west of a street or highway crossing just west of the depot, and runs west for some distance parallel with the main line, and then curves sharply towards the north and away from the main line, on a curve of about 30 degrees, and is about one-fourth of a mile in length.

Marion is a junction point for three railroads, and a town of industrial activity, having a number of furniture factories, cotton mills, and, in consequence, a switching engine and its crew is stationed at Marion for the purpose of transferring cars from one road to another, making up trains and serving factories in placing and removing cars for loading and unloading. This switch track on which the plaintiff was injured is constantly used by the defendant in its switching operations about its depot, loaded and unloaded cars being constantly placed and removed therefrom by said switching engine. The said switch track also serves the Marion Novelty Company and the Blue Ridge Furniture Company,

whose factories and plants are located along said track. The first named being located nearest the depot, but some distance away from the eastern end of the track, where it connects with the main line. At times this track was filled with cars placed thereon by the defendant in its switching operations, and sometimes it contains a very few cars and at other times it contained no cars. The defendant's switch engine frequently entered upon this track each day in the course of its switching operations about the depot, placing cars on the track and taking other cars off the track, and the plaintiff had knowledge of the fact that engines and cars frequently entered thereon on an average of five or six times a day. On 6 April, 1917, there was a number of cars on this track, which blocked the way between the buildings of the Novelty Company, which said buildings were on the opposite side of the track, and the superintendent of the Novelty Company, the plaintiff, desired to place some veneering in the building on the south side of the track, called some others and entered upon the track, undertook to move the cars so as to effect a crossing over the track between the buildings in order to get across. There were several cars on the track, some four or five of these cars being on the track between the building and the east end of the track where it connects with the main line, when plaintiff, in order to remove said cars, entered between them, and after uncoupling one of said cars, undertook to remove the same with a car-mover and by pushing against the same some four or five cars then being on the track between the plaintiff and the eastern end of the track the plaintiff being on the south side of the track. After working some time in the effort to remove this car further west, some cars rolled in on the track, which came in collision with the cars further east, causing them to roll down on and against the plaintiff, inflicting the injuries complained of.

There was evidence tending to prove that the conductor and engineer of the defendant made a flying switch and shunted cars from the main line to the spur track, where they collided with the car, which injured the plaintiff; that no notice or signal was given; that the cars made very little noise; that no one was on the car; and that a man on the cars could see there were men at work at the car, which was struck, in time to avoid the collision.

There was also evidence that for ten years the employees of the Novelty Company and its predecessor had continuously passed over the spur track, and that when cars were present they passed under the cars, or between the bumpers, and that sometimes the employees of the company moved the cars to make a passageway to their work.

There was also evidence that a few minutes before the plaintiff was injured, Hild, secretary of the Novelty Company, went to look for an engine; that he took a position from which he could see to the upper

end of the yard and down past the depot, and could see no engine; that he asked an employee of the defendant at the crossing where the engine was and was told he thought it had gone to C., C. & O. depot; that he went back and told the plaintiff and the others to look out for the engine, and that he could not see one and for them to go ahead with their work.

There was a verdict finding the defendant negligent; that there was no contributory negligence on the part of the plaintiff, and assessing the damages at $9,000.

There are no exceptions bearing on the first and third issues, and the only question raised by the appeal is whether his Honor ought to have instructed the jury to answer the second issue as to contributory negligence against the plaintiff.

His Honor charged the jury on the issue of contributory negligence as follows:

"I charge you that if you find from the evidence that the plaintiff and the employees of the Furniture Company, the predecessor of the Novelty Company, and the Novelty Company, for whom the plaintiff was at work at the time he was injured, had been accustomed to cross the railroad track and, whenever it was necessary, to move the cars in order to make an opening, and that this was known to the defendants, or could have been known to them by reasonable observation, and that they were permitted to do so from time to time, that permission amounted to a license, and the plaintiff was not a trespasser in attempting to move the car, if you shall so find by the greater weight of the evidence. But being a licensee or having a license to go on the track and move the cars wouldn't relieve him from the responsibility of exercising the care of a reasonably prudent man; that is, a person who is reasonably prudent, to avoid injury to himself.

"The defendants insist that on this evidence he has shown that he was not a reasonably prudent man, and that he was guilty of negligence in failing to take the necessary precaution.

"I charge you that if you find from the evidence, by the greater weight of the evidence, that the plaintiff entered upon one of the defendant's spur tracks and undertook to remove certain cars on and along said spur track, and while so engaged in removing said cars entered between certain cars on said side track and there remained for a space of several minutes in a position where he could not be seen by the defendant's servants, agents or employees in charge of an engine and cars being operated and moved about the depot nearby, knowing at the time that said spur track upon which he had entered and along which he had undertaken to move said cars was frequently used by engines and cars entering thereon for the purpose either of placing cars on said spur track or removing cars therefrom, and under such circumstances that

there was danger of the plaintiff being injured by a collision between engines and cars entering on said spur track and those already stationary thereon, and that the plaintiff did this without notice or warning to the defendant or to its servants, agents or employees operating a shifting engine about said depot and side track, and without keeping a lookout for his own protection, and under such circumstances that there was imminent danger of his being injured, and you further find from the evidence that was a contributing cause of the injury, then the jury will answer the second issue 'Yes.'

"If the jury find from the evidence and by its greater weight that the plaintiff entered upon the defendant's side track in the town of Marion, upon which engines and cars were being constantly moved, and where there was danger of collision between the cars already on said side track and cars placed thereon by the defendant's shifting crew engaged about said depot, and that after entering upon said side track and between the cars standing thereon that the plaintiff remained thereon, undertaking to move cars on and along said spur track, the plaintiff being in a position where he could not be seen by the members of said train crew by the exercise of ordinary care and caution, and without notice or warning given the defendant or any of its train crew in charge of said shifting engine, and without keeping a lookout for his own protection, and that plaintiff did this with knowledge of the fact that said engine was constantly placing cars on said side track and removing cars therefrom, and that there was danger of collision between the cars placed on said side track and those already thereon, and danger of the plaintiff being injured by reason of such collision, he would be guilty of negligence, and if you find from the evidence, by the greater weight of the evidence, that was the contributing cause of·the injury, then the jury will answer the second issue 'Yes.'

"If the jury find from the evidence that the exercise of ordinary care would have required the plaintiff before he entered between said cars on the spur track and attempted to remove the same to have given some notice or warning of his presence in a place of danger, or would have required the plaintiff to maintain some lookout in order to notify him of approaching danger while in a position where he could not be. seen, and the jury further find that the failure of the plaintiff to give such notice or warning or to maintain such lookout contributed to cause and bring about his injury, then the jury will answer the second issue 'Yes.'

"If the jury find that the plaintiff did not exercise the care and prudence than an ordinarily prudent man would have exercised under the circumstances and the situation, and that his failure to do so contributed to his injury, it would be the duty of the jury to answer the second issue 'Yes.'

The plaintiff contends that you cannot find him guilty of contributory negligence. He contends that before he entered upon the work, went between the cars, he had inquiry made by the secretary and treasurer of the company and had him to look out to see whether or not there was any danger of approaching cars or engines, and he contends that from the observation which he made, or caused to be made, he had reason to believe that there was no danger, and he insists that a reasonably prudent man would have gone to the work as he did, thinking that was the condition and feeling that there was no danger in doing so; that a reasonable man would not have expected or anticipated any danger. That is his contention. If you find from the evidence that the precaution which he took and the circumstances under which he acted were that which a reasonably prudent man would do under the circumstances, being at the same time mindful to go about the work in a way in which he would not receive injury, and he exercised the care of a reasonably prudent man, that he was careful to avoid injury under the circumstances, then he would not be guilty of contributory negligence, and it would be your duty to answer the second issue 'No.'

"Now, upon these issues you are the sole judges of the credibility of the witnesses, and you will take into consideration the condition and circumstances as they have been established by the proof, and if you find from the evidence that the plaintiff was guilty of negligence under the rules which I have laid down to you upon the evidence, and that his negligence contributed to or was a contributing cause of his injury, then it would be your duty to answer the second issue 'Yes.' "

The defendant did not except to the charge.

There was a judgment in favor of the plaintiff, and the defendant appealed.

*Pless & Winborne for plaintiff.*
*S. J. Ervin for defendant.*

ALLEN, J., after stating the case: We have stated the evidence and the charge on the second issue in full because they are a conclusive answer to the contention of the defendant that the plaintiff can be declared guilty of contributory negligence as matter of law.

The car which the plaintiff and others were moving was stationary, with no engine attached, and it had been customary for ten years for the employees of the Novelty Company and its predecessors to pass continuously under and between the cars, and at times to move the cars.

The defendant knew of this custom, or it had continued long enough to furnish evidence of knowledge, and the plaintiff had the right to assume that the defendant, knowing of these conditions, would not run cars

on the track with no engine attached, no man in control, and without notice or signal. The plaintiff also knew that a few minutes before he was injured the secretary of the Novelty Company had gone down the track to look for an engine, and although he could see over the yard and beyond the depot, he could not find one. He was safe and free from danger, but for the negligence of the defendant, and he had no reason to apprehend that the defendant would, with knowledge that employees of the Novelty Company were continuously on the track, cause a car to go on the spur track without signal and with no one in control, and the information he received from the secretary, who looked for an engine, reasonably led him to believe there was no engine near, and that there was no reason to fear a movement of the car.

"The general rule is that every person has the right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable ground to think otherwise it is not negligence to assume that he is not exposed to danger which can come to him only from violation of law or duty to such other person. Hence, failure to anticipate defendant's negligence does not amount to contributory negligence, even though he places his property in an exposed or hazardous position." Cyc., vol. 29, p. 516; *Wyatt v. R. R.,* 156 N. C., 313.

The case is in all its essentials like *Hudson v. R. R.,* 142 N. C., 198. In that case an employee of an oil mill plant whose warehouse was by the side track of the railroad was standing on the track behind a car, which was stationary and detached from an engine and within eighteen inches of a bumper post, when a car operated as a flying switch struck the car he was behind and caused it to move and to force the plaintiff against the bumper post and injure him. The defendant relied on the plea of contributory negligence, which was not sustained, the court saying in conclusion what is very pertinent here: "The circumstances did not require the intestate to anticipate that the defendant company, in disregard of its duty, would recklessly turn a car loose on a down grade, which would run into the yard, drive the stationary cars from their position, and crush out his life."

The question of contributory negligence was submitted to the jury under a full and accurate charge, which gave the defendant the benefit of every contention it was entitled to, and so fair was it that the defendant does not complain of the misstatement of a fact, a contention of the parties, or of a legal principle.

No error.